IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKKE LEON GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-05-1370-L |
| ) | |
| JOHN W. WHETSEL, Sheriff, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Mr. Rickke Green seeks federal habeas relief. He alleges that he was treated differently than hundreds of other prisoners when he was prosecuted and convicted in criminal proceedings for possession of contraband. The Court should summarily dismiss the petition because it is facially invalid.[1]

Selectivity in the prosecution would create an equal protection violation only if the dissimilar treatment had "been based on intentional, purposeful discrimination stemming from impermissible considerations such as race, religion, or the desire to prevent the exercise of other constitutionally secured rights."[2]

Mr. Green's claim is facially deficient under this standard. He states that jail authorities had found hundreds of other inmates with homemade knives, but had not prosecuted any of them with a felony. These allegations are deficient because Mr. Green has

---

[1] *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

[2] *Barton v. Malley*, 626 F.2d 151, 155 (10th Cir. 1980) (citations omitted).

not alleged any facts suggesting discrimination involving impermissible considerations such as race, religion, or the exercise of a constitutional right. Without such an allegation, the equal protection theory is facially deficient.[3]

The Petitioner is advised of his right to object to this report and recommendation by December 20, 2005.[4] If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals.[5]

This report and recommendation terminates the referral.

Entered this 30th day of November, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[3] This Court and the Tenth Circuit Court of Appeals addressed a similar situation in *Mahler v. Kaiser*, 936 F.2d 583, 1991 WL 104294 (10th Cir. June 11, 1991) (unpublished op.). There a state prisoner claimed an equal protection violation based on selective prosecution. *See Mahler v. Kaiser*, 1991 WL 104294, Westlaw op. at 2. According to the prisoner, he was charged with a felony for possession of contraband in a penal institution. *See id.* Writing for the Western District of Oklahoma, Judge David Russell dismissed the claim based on the absence of any impermissible considerations. *Id.* The Tenth Circuit Court of Appeals agreed with Judge Russell's analysis and affirmed. *Id.*, 1991 WL 104294, Westlaw op. at 1.

[4] *See* W.D. Okla. Local Civil Rule 72.1(a).

[5] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).